**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SCOTT D. BECKER,

Defendant-Appellant.

No. 09-3179
(D.C. No. 5:09-CR-40008-JAR-1)
(D. Kan)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Scott D. Becker appeals the district court's denial of release pending trial

on charges of conspiracy and theft, embezzlement, or misapplication by a bank

officer in violation of 18 U.S.C. § 656. The United States has elected not to file a

response brief on appeal. We have jurisdiction pursuant to 18 U.S.C. § 3145(c)

and 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

The Bail Reform Act requires a magistrate judge or district court judge to order a defendant detained before trial if the judge determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). This appeal presents two issues: (1) whether the district court erred in determining that Becker presents a flight risk and (2) whether the district court erred in concluding that there are no conditions of release that would reasonably assure his appearance. Claims of erroneous detention present questions of mixed law and fact that this court reviews de novo. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). The district court's findings of historical fact are reviewed for clear error. *See id.* It is the government's burden to prove risk of flight by a preponderance of the evidence. *Id.* at 616.

The district court held two evidentiary hearings and considered the appropriate factors regarding risk of flight and release on conditions. *See* 18 U.S.C. § 3142(g). We agree with the district court that the analysis primarily turns on Mr. Becker's history and characteristics. *See id.* § 3142(g)(3). Our review of the record confirms that the facts cut both ways, with some favoring Mr. Becker and others favoring the United States. Ultimately, the propriety of pretrial release boils down to a credibility assessment. The district court concluded that Mr. Becker is a flight risk and rejected the proffered conditions of release based largely on the court's negative evaluation of Mr. Becker's

credibility, which determination finds support in the record.  "We give the district court's determinations regarding the credibility of witnesses great deference." *Wessel v. City of Albuquerque*, 463 F.3d 1138, 1145 (10th Cir. 2006) (quotation omitted).  This is a close case, but in light of the deference due to the district court's credibility assessment, the judgment is AFFIRMED.

Entered for the Court

Per Curiam